UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHONIKA GOODLOW, ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-00544 |
| ) | |
| v. ) | |
| ) | |
| C.H. ROBINSON INTERNATIONAL INC. ) | |
| ) | **Jury Trial Demanded** |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff, Shonika Goodlow ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against C.H. Robinson International Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*. as amended ("Title VII"), seeking redress for Defendants race-based discrimination, sex-based discrimination, race-based harassment, sex-based harassment, and retaliation for engaging in protected activity under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Shonika Goodlow, resides in Cook County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant, C.H. Robinson International Inc. is a corporation doing business in and for Cook County, Illinois, whose address is 333 Howard Avenue Des Plaines, IL 60018.

## BACKGROUND FACTS

12. Plaintiff began working for Defendant as a forklift driver on or about April 20, 2022.

13. Since at least February 2022 through July 2022, Defendant has subjected Plaintiff

to different terms and conditions of employment than others not within Plaintiff's protected class.

14. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

15. Plaintiff was the only female employee working in her department.

16. On or around February 1, 2022, Department Lead, Mr. Ray Barrera (male, Hispanic, white), returned from medical leave and was directed to oversee Plaintiff's department.

17. Mr. Barrera immediately began to harass Plaintiff on the basis of Plaintiff's sex and race.

18. The very first day working with Mr. Barrera, he berated Plaintiff and made misogynistic comments on a near daily basis.

19. When a male co-worker attempted to help Plaintiff unload product, Mr. Barrera yelled "Get the fuck out of my way" "Don't help her, she can do it on her own."

20. Notably, Mr. Barrera had no issues allowing male employees help their male coworkers.

21. On or around March 15, 2022, Mr. Barrera told Plaintiff, "If you want to be out here with the boys, you gotta pull your weight."

22. Despite performing my duties just as well as similar situated employees, Plaintiff was target on the basis of her sex and became distraught by Mr. Barrera's conduct and comments to the point Plaintiff complained to Department Managers, Mr. Max (LNU) (male, white) and Mr. Claude Dunkle (male, white).

23. Max and Mr. Dunkle responded to my complaints by telling Plaintiff, "Ray has issues with women, he has issues with his ex-wife and mother and takes it out on people."

24. Defendant effectively excused Mr. Barrera's and ultimately ignored my

complaints.

25. Defendant failed to conduct a fair and thorough investigation and failed to take any remedial measures.

26. Mr. Barrera's harassment on the basis of Plaintiff's race and sex only continued more frequently due Defendant failure to take any actions.

27. Following my complaints, Mr. Barrera continued to harass Plaintiff by calling her "Sha Nay Nay."

28. Mr. Barrera refused to call Plaintiff by her real name.

29. Plaintiff opposed to being called a stereotypical name and told Mr. Barrera to stop calling her the incorrect name because it was racially derogatory towards African-Americans.

30. Mr. Barrera ignored Plaintiff's complaint, and continued to call me "Sha Nay Nay, and direct me to do duties outside of my regular duties in retaliation.

31. He would instruct me to "figure out what the fuck to do with the trash…" "Speed it up Sha Nay Nay."

32. Plaintiff again was distraught by Mr. Barrera's brazen race-based harassment and sex-based harassment.

33. Mr. Barrera would also harass Plaintiff by raising non-issues about using her PTO to care for her child and told Plaintiff "You should have been responsible (referring to being a single mom) and figured this out on your own time."

34. At this point, other supervisors began to notice the brazen race-based and sex-based harassment and disparate treatment and even asked Plaintiff what was going on.

35. Again, Plaintiff reported her concerns to the Defendant's Human Resources department.

36. On or around July 13, 2022, Plaintiff met with HR representative, Ms. Lynn (LNU), and Plaintiff was assured that her complaints would be investigated.

37. However, the very next day, on July 14, 2022. Plaintiff's employment was terminated for pre-textual reasons.

38. The actual reason Plaintiff was termination was on the basis of her sex, race, and for engaging inn protected activity.

39. Therefore, Defendant discriminated against Plaintiff on the basis of her sex, (female), race (African-American), and subjected Plaintiff to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

43. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

44. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section

1981.

## COUNT II
## Violation of Title VII
## Race-Based Discrimination

45.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

46.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII.

47.     Plaintiff was terminated on the basis of her race.

48.     Plaintiff was treated less favorably than similarly situated employees outside of her protected class.

49.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

50.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

51.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
## Violation of Title VII
## Race-Based Harassment

52.     Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

53.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (African-American), in

violation of Title VII.

54. Defendant knew or should have known of the race-based harassment.

55. The race-based harassment was severe or pervasive.

56. The race-based harassment was offensive subjectively and objectively.

57. Plaintiff is a member of a protected class under Title VII, due to her race (African-American).

58. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
## Violation of Title VII
## Sex-Based Discrimination

59. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII.

61. Plaintiff was terminated on the basis of her sex.

62. Plaintiff was treated less favorably than similarly situated employees outside of her protected class.

63. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

65. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
## Violation of Title VII
## Sex-Based Harassment

66. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

67. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex (female), in violation of Title VII.

68. Defendant knew or should have known of the sex-based harassment.

69. The sex-based harassment was severe or pervasive.

70. The sex-based harassment was offensive subjectively and objectively.

71. Plaintiff is a member of a protected class under Title VII, due to her sex (female).

72. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
## Violation of Title VII.
## Retaliation

73. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

74. Plaintiff is a member of a protected class under Title VII.

75. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

Defendant about conduct that constituted unlawful sex-based harassment which created a sufficiently severe or pervasive work condition in violation of Title VII.

76. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

77. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

78. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

79. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination and harassment, thereby violating Title VII.

80. Defendant terminated Plaintiff for engaging in protected activity.

81. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

82. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

  e.  Award pre-judgment interest if applicable; and

  f.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 30th day of January, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*